**UNITED STATES of America,
Plaintiff,**

v.

**BLISS & LAUGHLIN, INCORPORATED,
Defendant.**

Civ. A. No. 753–60.

United States District Court
S. D. California,
Central Division.

Jan. 29, 1962.

Maxwell M. Blecher, Malcolm D. Mac-Arthur, Antitrust Division, Dept. of Justice, Los Angeles, Cal., for plaintiff.

Stephens, Jones, LaFever & Smith, by Maurice Jones, Jr., Los Angeles, Cal., and Dallstream, Schiff, Hardin, Waite & Dorschel, by W. Donald McSweeney, James R. Mitchell, Chicago, Ill., for defendant.

THURMOND CLARKE, District Judge.

This is a civil antitrust action brought by the United States against Bliss & Laughlin, Incorporated, of Harvey, Illinois, defendant, for alleged violation of Section 7 of the Clayton Act (15 U.S.C.A. § 18). Plaintiff alleges that the defendant's purchase of the assets of Sierra Drawn Steel Corporation in February, 1960, then located at Los Angeles, California, may tend to substantially lessen competition in the production and sale of cold finished steel bars in the four-state area of California, Oregon, Washington and Arizona.

The plaintiff has failed to prove that the challenged acquisition has the reasonable probability of substantially lessening competition in the production or sale of cold finished steel bars in these four western states. This case is distinguishable on the significant facts from Crown Zellerbach Corp. v. Federal Trade Commission, 9 Cir., 296 F.2d 800, upon which the plaintiff places much reliance. The defendant and most of the other com-

panies selling cold finished steel bars in this area, collectively ship substantial tonnage into the four-state area from various producing locations in the Midwest and the East. Cf. Tampa Electric Co. v. Nashville Coal Co., 365 U.S. 320, 81 S.Ct. 623, 5 L.Ed.2d 580 (1961). Prior to the acquisition, the defendant owned no mills located in the four-state area and the overwhelming preponderance of its sales were made elsewhere.

The record in this case shows an abundance of capacity and of competing sellers, a wide choice of suppliers among which the purchasers may choose, a lack of obstacles restraining new entrants into the business, and a lack of power in the defendant to control prices, supply or entry. All of these factors tend to insure vigorous competition.

The plaintiff's motion for a temporary injunction will be denied and the defendant will submit findings of fact and conclusions of law consistent with this memorandum within 30 days.

It is ordered that the Clerk shall this day serve copies of this Memorandum Opinion by United States mail upon the attorneys for the parties appearing in this cause.